UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

QUALITY WORK GROUP, INC.,

            Defendant.

- - - - - - - - - - - - - - - - - X

PLEA AGREEMENT

14-cr-00395-WFK

      Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the Environmental Crimes Section of the United States Department of Justice ("United States") and QUALITY WORK GROUP, INC. ("defendant"), acting through its President, Xian Fang Wu, also known as "Bill Wu," agree to the following:

      1.    The defendant will waive indictment and plead guilty to an information to be filed in this district, charging a violation of 16 U.S.C. §§ 3372(a)(1) and 3373(d)(1)(B). The count carries the following statutory penalties:

      a.    Maximum fine: $500,000 or twice the gross pecuniary gain or loss, whatever is greater.
(18 U.S.C. § 3571(c)(3) and (d))

      b.    Restitution: N/A

      c.    $400 special assessment
(18 U.S.C. § 3013).

      2.    The defendant understands that although imposition of a sentence in accordance with the United States Sentencing Guidelines (the "Guidelines" and "U.S.S.G.") is not mandatory, the Guidelines are advisory and the Court is required to consider any



applicable Guidelines provisions as well as other factors enumerated in 18 U.S.C. § 3553(a) to arrive at an appropriate sentence in this case. The United States will advise the Court and the Probation Department of information relevant to sentencing, including criminal activity engaged in by the defendant, and such information may be used by the Court in determining the defendant's sentence. The parties agree that the defendant shall pay a criminal fine in the total amount of $243,000, which the defendant shall pay as follows: $100,000 to be paid at or before the time of sentencing; one payment of $75,000 to be paid on or before the first anniversary of the date of sentencing; and one payment of $68,000, to be paid on or before the second anniversary of the date of sentencing. The defendant acknowledges that although the parties have agreed on sanctions, such as the fine, the sentencing Court is free to sentence the defendant up to and including the statutory maximum set forth in paragraph 1(a). A sentence in excess of the stipulated penalty amount shall not be a basis for the defendant to withdraw its guilty plea. Pursuant to the Lacey Act, 16 U.S.C. § 3375(d), the Clerk of the Court shall direct payment of the fine imposed to the Lacey Act Reward Fund. The Treasury check shall be sent from the Clerk of the Court to:

>United States Fish and Wildlife Service
>Division of Financial Management/Denver Operations
>Cost Accounting
>P.O. Box 272065
>Denver, CO 80227
>Fund – 122X
>Organizational Code - 99000

      3.     The United States and the defendant agree, pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, that the following constitutes an

3

appropriate disposition of this case: (i) a criminal fine in the amount of $243,000[1] directed to the Lacey Act Reward Fund pursuant to 16 U.S.C. § 3375(d); and (ii) a mandatory special assessment of $400 pursuant to 18 U.S.C. § 3013.

    4.    The defendant's plea will be tendered pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure. The defendant cannot withdraw its plea of guilty unless the sentencing judge rejects this agreement or fails to impose the stipulated sentence referenced above. If the sentencing judge rejects this agreement, the agreement shall be null and void at the option of either the United States or the defendant.

    5.    The defendant agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event that the Court imposes a total fine of $243,000 or less. This waiver is binding without regard to the sentencing analysis used by the Court. The defendant waives all defenses based on the statute of limitations and venue with respect to any prosecution that is not time-barred on the date that this agreement is signed in the event that (a) the defendant's conviction is later vacated for any reason, (b) the defendant violates this agreement, or (c) the defendant's plea is later withdrawn. The defendant waives any right to additional disclosure from the government in connection with the guilty plea. The defendant agrees that with respect to all charges referred to in paragraphs 1 and 7(a) it is not a "prevailing party" within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A note, and will not file any claim under that law. The defendant agrees to pay the special assessment by check payable to the Clerk of the Court at or before sentencing.

---

[1] The parties agree that the criminal fine for the defendant is $250,000. However, the government acknowledges that during the course of cooperation, the defendant incurred costs totaling $7,000, and, therefore, the government has agreed to accept a reduced fine in the amount of the costs incurred by the defendant.

4

6. As a further condition of this plea agreement, the parties will jointly recommend to the Court that, pursuant to U.S.S.G. § 8D1.1, the defendant be sentenced to a term of probation of three years and that the following be imposed as conditions of that probation:

    a. Payment of a $243,000 fine (paid as follows: an initial payment of $100,000 to be paid on or before the date of sentence; a second payment in the amount of $75,000 to be paid on or before the expiration of the first year of probation; and a third payment in the amount of $68,000 to be paid on or before the expiration of the second year of probation); and

    b. Payment of a $400 special assessment.

7. The United States agrees that:

    a. no further criminal charges will be brought against the defendant with respect to the conduct covered by the Information filed in this case, it being understood that this agreement does not bar the use of such conduct as a predicate act or as the basis for a sentencing enhancement in a subsequent prosecution including, but not limited to, a prosecution pursuant to 18 U.S.C. §§ 1961 et seq.;

and, based upon information now known to the United States, it will

    b. advocate before the Court for the agreed-upon sentence set forth in Paragraphs 3 and 6.

If information relevant to sentencing, as determined by the United States, becomes known to the United States after the date of this agreement, the United States will not be bound by paragraph 7(b). Should it be judged by the United States that the defendant has violated any provision of this agreement, the defendant will not be released from its plea of guilty but the United States will be released from its obligations under this agreement, including but not limited to the provisions of paragraphs 7(a) and 7(b).

8. This agreement does not bind any federal, state, or local prosecuting authority other than the Environmental Crimes Section of the United States Department of

Justice and the United States Attorney's Office for the Eastern District of New York, and does not prohibit the United States from initiating or prosecuting any civil or administrative proceedings directly or indirectly involving the defendant. Apart from any written proffer agreements, if applicable, no promises, agreements or conditions have been entered into by the parties other than those set forth in this agreement and none will be entered into unless memorialized in writing and signed by all parties. Apart from any written proffer agreements, if applicable, this agreement supersedes all prior promises, agreements or conditions between the parties. To become effective, this agreement must be signed by all signatories listed below.

Dated: ~~July~~ Aug 6 , 2014

SAM HIRSCH
ACTING ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL
RESOURCES DIVISION

By: _____
For   Gary N. Donner
Trial Attorney
Environmental Crimes Section

On behalf of Quality Work Group, Inc., I am entering this agreement knowingly and voluntarily, on the basis of express authority granted to me. I am the sole owner and proprietor of Quality Work Group, Inc. and, as such, am duly authorized to enter into this agreement on behalf of the company. I have read the entire agreement and discussed it with my attorney.

_____
Xian Fang Wu
President
QUALITY WORK GROUP, INC.
Defendant

Approved by:

_____
Rick Collins
Counsel to Quality Work Group, Inc.